Dale Schowengerdt
**LANDMARK LAW PLLC**
7 West 6th Avenue, Suite 506
Helena, Montana 59601
(406) 457-5496
Dale@landmarklawpllc.com

Jonathan D. Urick*
Kevin R. Palmer*
**U.S. CHAMBER LITIGATION CENTER**
1615 H Street, NW
Washington, DC 20062
(202) 463-5337
JUrick@USChamber.com
KPalmer@USChamber.com

Caleb P. Burns*
Stephen J. Obermeier*
Boyd Garriott*
Grace Moore*
Liam F. Kerr*
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000
cburns@wiley.law
sobermeier@wiley.law
bgarriott@wiley.law
gomoore@wiley.law
lkerr@wiley.law

*Attorneys for Plaintiffs*
* Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

HELENA DIVISION

IN RE: BALLOT INITIATIVE 194 LITIGATION

No. CV-26-73-H-BMM (lead)

**MOTION FOR EXPEDITED REVIEW OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 7(b), Local Rule 7.1(d)(1)(D), and 28 U.S.C. § 1657(a), Plaintiffs the Chamber of Commerce of the United States of America, the Montana Chamber of Commerce, the Kalispell Chamber of Commerce, and the Billings Chamber of Commerce ("the Chambers"), respectfully move to expedite consideration and resolution of their pending motion for preliminary injunction so that it is resolved before I-194 takes effect on January 1, 2027.

1. On November 3, 2026, Montana enacted I-194. I-194 prohibits the Chambers and their members from "expend[ing] money or anything of value to support or oppose" candidates, political parties, political committees, and ballot questions. The Chambers seek preliminary relief because this prohibition will inflict an irreparable First Amendment injury on January 1, 2027. *See* Pls.' Mem. Supp. Mot. Preliminary Injunction, *Chamber of Commerce of the United States of America v. Knudsen*, 6:26-cv-75 (D. Mont. Nov. 12, 2026), ECF No. 6 ("Chambers' Mem.").

2. The Attorney General "will not defend the constitutionality of Initiative 194" because he agrees that I-194 "plainly violates the First Amendment." Notice of Defendant Austin Knudsen, *In re Ballot Initiative 194 Litigation*, 6:26-cv-73-H (D. Mont. Nov. 13, 2026), ECF No. 10. Nevertheless, the Attorney General "will enforce Initiative 194 until the judicial branch can render a decision" on its constitutionality. *Ibid.*

3. Federal law directs this Court to "expedite the consideration of … any action for temporary or preliminary injunctive relief." 28 U.S.C. § 1657(a). Expedition is particularly warranted here because this case concerns the imminent loss of "a right under the Constitution of the United States." *Ibid.* Specifically, unless the Court grants preliminary relief before I-194 takes effect on January 1, 2027, the Chambers and their members will be forced to refrain from constitutionally protected political speech or face enforcement under a statute the Attorney General has stated he intends to enforce.

4. On November 13, 2026, the Court consolidated the Chambers' action and another action that similarly challenges I-194 on First Amendment grounds. *See* Order, *In re Ballot Initiative 194 Litigation*, 6:26-cv-73 (D. Mont. Nov. 13, 2026), ECF No. 11. On November 17, the Court consolidated those actions with a third challenge to I-194. *See* Order, *In re Ballot Initiative 194 Litigation*, 6:26-cv-73 (D. Mont. Nov. 17, 2026), ECF No. 16. The plaintiffs in the consolidated actions have also moved for preliminary injunctions.

5. On November 17, 2026, the Transparent Election Initiative ("TEI") moved to intervene in the consolidated cases. *See* Motion to Intervene in Consolidated Cases, *In re Ballot Initiative 194 Litigation*, 6:26-cv-73 (D. Mont. Nov. 17, 2026), ECF No. 14 ("TEI Mot.").

6. Pursuant to Local Rule 7.1(c), the Chambers have conferred with counsel for all plaintiffs, defendants, and proposed intervenors in the consolidated actions regarding the following proposed schedule, which will permit orderly briefing and resolution of the preliminary-injunction motions before I-194 takes effect and accommodates the proposed intervenors' request for an extension of their response deadline, which is currently November 27. *See* LR 7.1(d)(1)(B)(ii); TEI Mot. 2 ("TEI requests that the Court set a deadline of December 4, 2026"). Defendants and all other plaintiffs do not oppose the proposed schedule. Proposed intervenor TEI stated that it "reserves its position and will file a response" tomorrow.

| | |
|---|---|
| **December 4, 2026** | Defendants shall file any response(s) to Plaintiffs' motions for preliminary injunction. |
| **December 4, 2026** | Any intervenors or proposed intervenors shall file any response(s) to Plaintiffs' motions for preliminary injunction. |
| **December 10, 2026** | Plaintiffs shall file their replies in support of their respective motions for preliminary injunction. |
| **Week of December 14, 2026** | Plaintiffs respectfully request a hearing on the motions for preliminary injunction during this week, or at the Court's convenience, except the morning of December 15, when counsel for the Attorney General is unavailable. |

7. If the Court intends to consolidate the preliminary injunction hearing and decide the merits, *see* Chambers' Mem. 28–29; Pls.' Mem. Supp. Mot. Preliminary Injunction 35–37, *In re Ballot Initiative 194 Litigation*, 6:26-cv-73 (D. Mont. Nov. 12, 2026), ECF No. 7-1, the Chambers request that the Court provide

the parties with advance notice. *See Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021).

8. The Chambers have also conferred with counsel for all plaintiffs regarding TEI's pending motion to intervene in the consolidated cases and can represent that the Chambers and the plaintiffs in the *Young Americans for Liberty* action consent to TEI's motion and that the plaintiffs in the *Frontier Institute* action do not oppose TEI's motion.[1]

For these reasons, the Chambers respectfully request that the Court expedite consideration and resolution of their pending motion for preliminary injunction, adopt the schedule proposed above, and resolve the motion before I-194 takes effect on January 1, 2027.

DATED: November 19, 2026.

/s/ Dale Schowengerdt
Dale Schowengerdt
**LANDMARK LAW PLLC**
7 West 6th Avenue, Suite 506
Helena, Montana 59601

Caleb P. Burns*

---

[1] Plaintiffs in the *Frontier Institute* action initially told TEI that, because of the prejudice in delaying a decision and then-existing conflicts in counsel's schedule, they would not oppose TEI filing as a potential intervenor or amicus curiae an opposition to the preliminary injunction motions if TEI agreed to jointly request a schedule where opposition briefs were due on December 1 and replies on December 8, and to request a hearing between December 10 and December 18. Plaintiffs in the *Frontier Institute* action reserve the right to oppose TEI's intervention if it would cause delay in the proceedings.

Stephen J. Obermeier*
Boyd Garriott*
Grace Moore*
Liam F. Kerr*
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036

*Attorneys for Plaintiffs*

Jonathan D. Urick*
Kevin R. Palmer*
**U.S. CHAMBER LITIGATION CENTER**
1615 H Street, NW
Washington, DC 20062

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

* Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2026, a copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

/s/ Dale Schowengerdt
Dale Schowengerdt